UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

**In re:**
    **Peter Kennedy,**
          **Debtor.**
_____

**Peter Kennedy,**
       **Plaintiff,**
    v.

**Graybar Electric Company, Inc.,**
       **Defendant.**
_____

Chapter 13 Case
# 11-10109

Filed & Entered
On Docket
July 29, 2011

Adversary Proceeding
# 11-01010

*Appearances:*
    *Rebecca A. Rice, Esq.*                                   *Ross A. Feldmann, Esq.*
    *Rutland, Vermont*                                           *Burlington, Vermont*
    *For the Plaintiff*                                              *For the Defendant*

**MEMORANDUM OF DECISION**
DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
AND SUA SPONTE GRANTING JUDGMENT IN FAVOR OF PLAINTIFF

On May 9, 2011, Peter Kennedy (the "Plaintiff"), filed a complaint seeking a declaratory judgment and injunctive and equitable relief under Federal Rule of Bankruptcy Procedure 7001(1), (7) and (9), and objecting to a proof of claim under Federal Rule of Bankruptcy Procedure 3007 (doc. # 1). On May 18, 2011, Graybar Electric Company, Inc. (the "Defendant") filed its answer (doc. # 3) and a motion for judgment on the pleadings (doc. # 4). On June 1, 2011, the Plaintiff filed his objection to the motion for judgment on the pleadings (doc. # 5). On June 14, 2011, the Defendant filed its reply (doc. # 6).

For the reasons set forth below, the Court finds that the relevant facts are not in dispute and the specific legal question presented may be resolved based on the pleadings. The Court further finds that the Defendant has failed to show it is entitled to judgment and that, based upon the record in this adversary proceeding, the Plaintiff is entitled to judgment. Accordingly, the Court denies the Defendant's motion and grants judgment in favor of the Plaintiff.

**ISSUE PRESENTED**

Does a judgment recorded prior to the expiration of the applicable appeal period under Vermont Rule of Civil Procedure 62 constitute a final judgment such that the recordation creates a valid judgment lien under 12 V.S.A. §§ 2901 and 2904?

1

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and declares it to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

## UNDISPUTED MATERIAL FACTS

While the parties did not expressly enter a stipulation, the Defendant's answer admits the relevant facts (see doc. # 1, ¶ 11; doc. # 3, ¶ 11). The Defendant received a judgment against the Plaintiff on July 29, 2010. The Defendant recorded that judgment on August 9, 2010, in the Town of Brandon. The Defendant filed a proof of claim in this case on February 28, 2011, in the amount of $78,866.88.

## JUDGMENT ON THE PLEADINGS STANDARD

When deciding a motion made under Federal Rule of Civil Procedure 12(c), the Court "'employ[s] the same standard applicable to dismissals pursuant to Fed. R. Civ. P 12(b)(6)'" Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) (quoting Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009)). "'Thus, we will accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor. To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Johnson, 569 F.3d at 43–44). "A trial court may properly enter judgment on the pleadings sua sponte if a party clearly is 'assured of victory as a matter of law and there is no material factual dispute.'" Kelly v. Provident Life and Accident Ins. Co., 695 F.Supp.2d 149, 155 (D. Vt. 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1367 & n.25 (3d ed. 2004)).

## DISCUSSION

The United States District Court for the District of Vermont recently addressed the issue presented in this case. See Craft v. Covey, 2011 U.S. Dist. LEXIS 22182, 2011 WL 923487 (D. Vt. March 4, 2011). In Craft, the plaintiffs obtained a state court judgment on April 10, 2008. Id. at *2, 2011 WL 923487 at *1. The judgment order was issued after the state court entered a default judgment on liability and conducted a hearing on damages. Id. On April 16, 2008, the plaintiffs recorded the judgment in the Vershire Town Clerk's Office. Id. The judgment was recorded prior to the thirty-day appeal period closing on May 10, 2008, and did not contain the clerk of the court's certification of the date the judgment became final. Id. at *2–3, 2011 WL 923487 at *1. In 2010, with the judgment still of record against the subject property, the defendant in the state court action quitclaimed the land to his sons. Id. at *3, 2011 WL 923487 at *1. Shortly thereafter, the plaintiffs filed an action seeking to foreclose upon the subject property relying upon the recorded judgment. Id. The plaintiffs then re-recorded the state court judgment on October 5, 2010, this time with the clerk of the court's certification. Id. at *3–4, 2011 WL 923487 at

2

*2. The defendants filed summary judgment motion contending that the foreclosure complaint was based upon an invalid judgment lien. Id. at *4, 2011 WL 923487 at *2.

The District Court began its analysis by noting that the creation of a valid judgment lien requires "recordation of a judgment that is final." Id. at *11, 2011 WL 923487 at *4 (emphasis in original). The District Court cited to Vermont's judgment lien laws, specifically 12 V.S.A. §§ 2901 and 2904. Id. at *5–6, 2011 WL 923487 at *2; see also Canney v. Engelberth Constr. Inc. (In re Rome Family Corp.), 2005 Bankr. LEXIS 1296, *9, 2005 WL 1595728, *3 (Bankr. D. Vt. March 7, 2005) (stating that "[t]he controlling statutes are quite straightforward" and citing 12 V.S.A. §§ 2901 and 2904).

Pursuant to 12 V.S.A. § 2901, "[a] final judgment issued in a civil action . . . shall constitute a lien on any real property of a judgment debtor if recorded as provided in this chapter." 12 V.S.A. § 2901. Under 12 V.S.A. § 2904:

> A judgment creditor may record a judgment lien at any time within eight years from the date the judgment becomes final in the town clerk's office of any town where real property of the debtor is located. Recording shall consist of filing a copy of the judgment with [the] date when it became final, certified by the clerk of the court issuing the judgment. The certification shall be recorded by the town clerk in the land records.

12 V.S.A. § 2904.

The District Court in Craft set forth a straightforward test for finality. "A judgment is either subject to an appeal, and thus subject to either being vacated or modified, or it is final in that it represents the conclusion of the litigation with no further right of appeal or subsequent substantive alteration." Craft, 2011 U.S. Dist. LEXIS 22182 at *13, 2011 WL 923487 at *5. In the District Court's view, "[t]o excuse the requirement of finality would negate the plain language of the judgment lien statute." Id. at *12, 2011 WL 923487 at *5. Applying this test to the facts of this adversary proceeding, the Defendant recorded its judgment during the 30-day appeal period. The judgment was not final when it was recorded and, therefore, its recordation did not create a valid judgment lien.

The Defendant argues that the Court should make an exception here because the Plaintiff identified no competing lien holders with regard to the real property in question and therefore there is no priority issue. The Defendant urges the Court to focus on the fact that a title search would show the same information with respect to this judgment, regardless of whether it was recorded before or after the 30-day appeal period. Additionally, the Defendant argues for an exception to apply even if the statute requires that the appeal period run before a judgment becomes final, because to require the judgment to be final would be to raise form over substance, especially where the Plaintiff did not appeal or otherwise seek relief from the judgment, which was obtained on a default basis.

The purpose of the bankruptcy process is to determine the priority of claims against a finite pool of assets. The filing of a petition creates an estate of the debtor's assets with the intent being "to

3

maximize the amount of property available for distribution to creditors according to priorities established by the [Bankruptcy] Code." Musso v. Ostashko, 468 F.3d 99, 104 (2d Cir. 2006). "'It is this central aggregation of property that promotes the effectuation of the fundamental purposes of the Bankruptcy Code: the breathing room given to a debtor that attempts to make a fresh start, and the equality of distribution of assets among similarly situated creditors . . . .'" Id. (quoting Collier on Bankruptcy ¶ 541.01 (15 ed. Rev. 2005)). Accordingly, the Court rejects the Defendant's argument regarding notice and priority. The Court cannot allow a party secured status, thereby granting it a priority for payment from the debtor's estate above unsecured claims, when that party has failed to fully comply with the requirements for creation and perfection of a lien. On the date that the Plaintiff filed his bankruptcy petition, the Defendant did not have a valid lien, and therefore the Defendant's claim must be deemed unsecured in this case, notwithstanding the fact that there are no potentially competing liens against the subject property.

The Court notes that the District Court in Craft also addressed "form over substance" and "lack of appeal" arguments similar to those that the Defendant has raised here. As to the form over substance argument, the District Court stated that:

> The Vermont Supreme Court has concluded that, provided the judgment was in fact final when recorded, it would be [to] "raise form over substance" to deny its validity merely because it was recorded without the judgment date and presumably also without the certification of when the judgment became final as required by 12 V.S.A. § 2904. The Vermont Supreme Court, however, has never dispensed with the requirement that the judgment be final when recorded. Other Vermont courts have also refused to excuse the requirement of finality.

Craft, 2011 U.S. Dist. LEXIS 22182 at *11, 2011 WL 923487 at *4 (citations omitted). As to the failure to appeal the judgment, the District Court stated that:

> The court recognizes that, as applied to this case, the requirement of finality may appear harsh as the Judgment was not in fact appealed, it became final shortly after recordation, and [the defendant] had notice of it prior to his transfer of the Property to his sons. On the other hand, the Plaintiffs had ample time after the first recordation and prior to the transfer of the Property to re-record their Judgment after it became final. Here the court need not resolve the competing equities as to do so would require the court to ignore the plain language of Vermont's judgment lien statute which requires a final judgment as a condition precedent to the creation of a valid lien. Any modification of the finality requirement must come from the Vermont Legislature, not this court.

Id. at *13–14, 2011 WL 923487 at *5 (citation omitted). Similar to Craft, this Court declines to declare "no harm, no foul" as the Defendant suggests. The judgment was not final when recorded, and thus it was not a final judgment and did not create a valid judgment lien. The Defendant's claim will therefore be classified as a general unsecured claim for purposes of this bankruptcy proceeding.

Accordingly, the Court concludes that judgment on the pleadings is proper and that the Plaintiff is entitled to judgment as a matter of law.

As to the Plaintiff's request for attorney's fees and costs, "Vermont follows the 'American Rule' of attorney's fees, under which parties to litigation are generally responsible for their own fees in the absence of a statute or agreement to the contrary." Perez v. Travelers Ins., 2006 VT 123, ¶ 8, 181 Vt. 45, 49–50, 915 A.2d 750, 754 (Vt. 2006). The Court denies the Plaintiff's request for fees and costs, as the Plaintiff's complaint does not identify a statute or agreement setting forth a basis to depart from the American Rule or shift fees and costs to the opposing party.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

July 29, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge